ROLAND. L. BELSOME, Judge.
h The State is appealing the trial court’s granting of Seneca Insurance Company’s ■Motion to Set Aside Bond Forfeiture. For the reasons that follow we affirm the trial court’s ruling.

Facts of the Case

Kevin Thomas was arrested on April .14, 2014, for violations - of La. R.S. 40:967(C)(2), possession, of crack cocaine and 40:966, possession of marijuana. On April 15, 2014, the Magistrate Commissioner set bail in the total amount of $7,500.00: $5,000.00 for the violation, of 40:967(C)(2) and $2,500.00 for the violation of La. R.S. 40:966. Thereafter, the defendant was released upon posting bail bonds contracted with Seneca -Insurance Company (Seneca).[1] The case was assigned number 521-329, and was allotted to Section B.
During the same time period, Mr. Thomas had a separate pending case, '520034, in Section B.[2] In that case, Mr. Thomas failed to appear for arraignment on | ¡/May 13, 2014. At that time, the State motioned for the bonds be forfeited. The trial court granted the motion and issued an alias capias for Mr. Thomas.
*1212 On July 9,2014, Mr. Thomas was arrested and remanded by Section B with a new, increased bail order, in place. The defendant was subsequently released on July 10, 2015, upon posting a new surety bonds in that separate pending matter.[3] Meanwhile, ’ due to Mr. Thomas’ remand, a representative from Séneca presented Statements of Surrender, verifying that Mr. Thomas was surrendered and releasing Seneca from' its bond obligation, to the Orleans Parish Sheriffs Office.[4] The Statements of Surrender were executed by the Sheriffs Office and Seneca was given a receipt for the applicable fees.
. In case number 521-329, Mr. Thomas failed to appear for arraignment in Section B on September 29, 2014. Subsequently, the trial court forfeited the bail bonds and issued an alias capias for his arrest. On November 26, 2014, notice of the bond forfeiture was mailed to Seneca.
On January 14, 2015, counsel for Seneca filed a “Motion to Set Aside- Judgment of Bond Forfeiture” The motion sought to have the Judgment of Bond Forfeiture set aside based on Seneca’s obtaining properly executed Statements of Surrender on July 10, 2015.
IsSeneca filed a Motion to' Set Aside Judgment of Bond Forfeiture on December 23, 2014.[5] The matter was originally set for hearing on March 17,2015. At that hearing, Seneca presented the trial court with the executed Statements of Surrender. The State requested a continuance, to obtain further information on the issue. The matter was continued to April 15, 2015. . .
The matter went forward on April 15, 2015. During that hearing, the State asserted that based on information that it had received the Sheriffs Office voided the Statements of Surrender because Mr. Thomas had been released prior to the documents being executed. The State had no one from the Sheriffs Office provide any written documents or witnesses on the issue. The State requested and was granted another continuance to attain further information, to evidence that .the Statements of Surrender were voided out. The matter was rescheduled for May 20, 2015.
The State and Seneca appeared before the trial court again on May 20, 2015. As indicated by the transcript, the State again stated that the Statements of Surrender were void because, at the time the documents were executed Mr. Thomas was no longer in custody. During the argument, the State speculated and hypothesized on how and why the officer on duty made the mistake of executing the Statements of Surrender and accepting the applicable fees associated with the transaction. Yet, the State did not produce a representative from the Sheriffs UOffice' or an affidavit regarding the circumstances surrounding the execution of the Statements of Surrender. There, was nothing produced to support that the Statements of Surrender had been voided.
Although the trial court accepted the possibility of an error on the part of the Sheriffs Office, it found that it was not sufficient to invalidate Seneca’s procedurally proper execution of the Statements of *1213 Surrender. Therefore, Seneca’s Motion to Set Aside Judgment of Bond Forfeiture was granted. The State appeals that ruling.

Assignment of Error

On appeal the State argues that the trial court erred in granting Seneca’s Motion to Set Aside Judgment of Bond Forfeiture.

Discussion

The procedures to properly execute a surrender are governed by La.C.Cr.P. art. 345(A). La.C.Cr. P. 345(A) reads in pertinent part:
Upon surrender of the defendant, the officer shall detain the defendant in his custody as upon the original commitment and shall acknowledge the surrender by a certifícate signed by him and delivered to the surety. The officer shall retain and forward a copy of the certificate to the court. After compliance with the provisions of Paragraph F of this Article, the surety shall be fully and finally discharged and relieved, as provided for in Paragraphs C and D of this Article, of all obligations under the bond.
La.C.Cr,P. art. 345(A) (emphasis added).
The record in this case reveals that upon learning of Mr. Thomas’ arrest, a representative of Seneca presented the Statements of Surrender to the officer at the Sheriffs Office.[6] The Officer signed the forms acknowledging that Mr. Thomas was in custody and accepted the $25 fee associated with the transaction. The trial | scourt found that the procedures set forth in La. C.Cr.P. art. 345(A) were properly followed by Seneca. We agree.
The State argues that the officer on duty made a mistake and Mr. Thomas was no longer in custody when the documents were executed and therefore the statements are voided. After two continuances, the State provided an opposition that relied on two computer printouts that were attached. The first was an “Online Booking Inquiry System” printout that indicated a release time for Mr. Thomas as 4:59:44 on July 10, 2014. According to another printout attached to the State’s opposition titled “Payment Update” the $25 payments were entered at 10:33:51.
The .trial court found that a supposed clerical error on the part of the Sheriffs Office was not enough to evidence.that the Statements of Surrender, properly executed according to the statute, were voided. Additionally, when presented with valid Statements of Surrender, La.C.Cr.P. art 345(F) mandates that the trial court order any judgment of forfeiture set aside.[7] On the re,cord before us, we cannot find error in the trial court’s ruling.

Conclusion

For the reasons discussed, we affirm the decision of the trial- court granting the Motion to Set Aside Judgment of Bond Forfeiture.
AFFIRMED

. The bail bonds bore power of attorney numbers S05 2192799 and S05 2192800,

. Seneca also provided the bail bonds in case number 520-034. Those bail bonds' bore power of attorney numbers S10 2172081 and S10 2172082.

. Seneca was not the issuer of the increased bonds in case 520-034.

. The Statements of Surrender were for bail bonds bearing the power of attorney numbers S10 2172081 and S10 2172082 (case number 520-034) and- S05 2192799 and S05 2192800 (case number 521-329).

.The docket master, Appellant’s brief, and Appellee’s brief assert various other dates as the date of filing. The record reveals that the date the motion was filed was December 23, 2014, as indicated by the Orleans Parish Criminal District Court's Clerk of Court’s “filed stamp.”

. The documents were in accordance with the statutory requirements of La. R.S. 22:1585(B). ¡

. La.C.Cr.P. art. 345(F) reads:
F. When the defendant has been surrendered in conformity with this Article or a letter of verification of incarceration has been issued'to the surety as provided for in this Article, the court shall upon presentation of the certificate of surrender or . the letter of verification of incarceration, order that the surety be exonerated from liability on his bail undertaking and shall order any judgment of forfeiture set aside.- (emphasis added).